**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION,**

**NAOMI JOY NELSON,**

**Plaintiff**

**v.** **Case No: 6:26-cv-1529-CEM-DCI**

**THE SCHOOL BOARD OF ORANGE COUNTY, FLORIDA,**

**Defendant.**
______________________________________/

## REPORT AND RECOMMENDATION

Naomi Joy Nelson (Plaintiff), proceeding *pro se*, initiated this case against The School Board of Orange County, Florida (Defendant) pursuant to Title VII of the Civil Rights Act of 1964, as amended. Doc. 1. Plaintiff has also filed an Application to Proceed in District Court without Prepaying Fees and Costs. Doc. 2 (the Motion). The undersigned construes the Motion as a request to proceed *in forma pauperis*.

### I. Standard

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the

complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* at § 1915(e)(2)(B) (i-iii).[1]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation omitted).

There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such complaints. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*.").

## II. Discussion

As an initial matter, Plaintiff has failed to comply with the Local Rules of the Court. The single-spaced pleading violates Local Rule 1.08 as the main text must comply with the spacing and font requirements of that rule. Accordingly, the filing is due to be dismissed or stricken.

Further, the undersigned finds that Plaintiff may be a pauper but recommends that the Complaint is shotgun in nature and, therefore, subject to dismissal. Namely, the Plaintiff's incorporation of all preceding paragraphs into each count creates a classic shotgun pleading defect. Specifically, Plaintiff brings a sex discrimination/tangible employment action claim (Count I), a sexual harassment/hostile work environment claim (Count II), and a retaliation claim (Count III). Doc. 1 at 4 to 6. In Count II, Plaintiff adopts all preceding paragraphs, including the allegations from Count I, and, in Count III, Plaintiff adopts all preceding paragraphs, including the allegations from Counts I and II. As such, Plaintiff's separate retaliation claim includes factual allegations that appear to only support the discrimination claim or the harassment claim.

Additionally, Plaintiff's incorporation of the preceding paragraphs includes the entire "Factual Allegations" section of the pleading into each claim. Plaintiff, therefore, adopts into Count I several facts that appear to support Plaintiff's separate retaliation claim found in Count III. Also, with respect to Counts I and II, "[u]nder Title VII, sexual harassment can be actionable as a sex discrimination claim in two scenarios: '(1) through an adverse employment action; and (2) through the creation of a hostile work environment caused by sexual harassment that is sufficiently severe or pervasive to alter the terms and conditions of employment.'" *Carter v. Oasis Tropical Café, LLC*, 2024 WL 4044516, at *4 (M.D. Fla. Aug. 5, 2024), *report and*

*recommendation adopted by*, 2024 WL 4040632 (M.D. Fla. Sept. 4, 2024) (quoting *Malone v. TDMW Mgmt. Inc.*, 2022 WL 507436, at *3 (N.D. Ala. Feb. 18, 2022)). Plaintiff treats the claims as separate and actionable under different theories, but incorporates all facts into both counts and adopts Count I into Count II.

As a result, Plaintiff makes it difficult for the reader to determine which facts actually support each count, and the pleading cannot survive. *See Diaz v. Rosado*, 2026 WL 2434953, *6 (M.D. Fla. July 28, 2026), *report and recommendation adopted by*, 2026 WL 2430660 (M.D. Fla. Aug. 19, 2026) ("When there is no effort to 'connect or separate which of [the] . . . factual allegations relate to a particular count,"' a complaint is a shotgun pleading replete with immaterial facts not obviously connected to the causes of action.") (quoting *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021); (citing *Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (describing a complaint in which four counts incorporated all 43 numbered paragraphs of factual allegations, many of which appeared to relate to only one or two counts, as "an all-too-typical shotgun pleading")); *see also Sullivan v. Amtrak*, 170 F.3d 1056, 1059 (11th Cir. 1999) ("[R]etaliation is a separate offense under Title VII; an employee need not prove the underlying claim of discrimination for the retaliation claim to succeed.") (citations omitted).

Based on the foregoing, the undersigned finds that Plaintiff does not comply with the Federal Rules of Civil Procedure's requirements on proper pleading or Local Rule 1.08. Even so, a *pro se* plaintiff, however, must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted). The undersigned recommends that the Court give Plaintiff leave to amend the Complaint.

## III. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. the Complaint (Doc. 1) be **DISMISSED without prejudice** with leave to amend; and
2. the Motion (Doc. 2) be **DENIED without prejudice**.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on October 22, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties